UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GJMS, LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HAMSTRA BUILDERS, INC., *et al.*, )<br>    Defendants. )<br>_____)<br>)<br>HAMSTRA BUILDERS, INC., )<br>    Counter-Claimant, )<br>)<br>v. )<br>)<br>GJMS, LLC, )<br>    Counter-Defendant. ) | CAUSE NO. 2:18-CV-135-JTM-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion for Sanctions for Violating a Discovery Order [DE 36], filed January 6, 2019. Plaintiff GJMS seeks an order sanctioning Defendants for violating the Court's November 16, 2018 order granting GJMS's Motion to Compel. Defendant Hamstra Builders, Inc., responded to the Motion on January 17, 2019, and GJMS replied on January 24, 2019. On February 20, 2019, the Court held a hearing on the Motion.

On January 29, 2019, District Court Judge James T. Moody entered an Order [DE 42] referred this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I.    Background**

On November 16, 2018, the Court granted GJMS's motion to compel and ordered Defendants to produce "e-mails related to the management and operation of GJMS, . . . invoices, payment records, checks allegedly paid to third parties on [GJMS's] behalf, and contracts and correspondence between Defendants and the third parties." Defendants never responded to the motion to compel, or to a subsequent email from GJMS asking when those documents would be produced.

On January 6, 2019, GJMS filed the instant motion seeking sanctions, stating that Defendants had not produced any documents since the Court's order. Defendant Hamstra Builders filed an untimely response to the Motion, stating that written communication and "retention of documents is limited" among Defendants, because Hamstra Builders is "not a large nor sophisticated entity," and therefore Defendants "do not have any other documents that have not been provided to the Plaintiff." GJMS describes that statement as "demonstrably untrue," and identifies several documents, including invoices, checks, and e-mails, that "should be in Defendants' possession, whether they are a 'sophisticated entity,' or not." GJMS seeks sanctions including default judgment and dismissal of Defendants' counterclaim.

## II.    Analysis

Defendants, upon the Court's order granting the Motion to Compel, were obliged to conduct a "careful and thorough" search, and produce all documents described in the Court's order within their custody or control. *See Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). When a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including default judgment or dismissal of an action or claim. Fed. R. Civ. P. 37(b)(2)(A). In considering sanctions for failure to obey court orders, the Court should "consider

2

less severe sanctions than dismissal . . . unless there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Lowe v. City of E. Chicago, Ind.*, 897 F.2d 272, 274 (7th Cir. 1990) (citations omitted).

At the hearing, counsel for Defendants represented that the appropriate search had been performed, and restated Defendants' position that they had produced all available documents. Counsel for GJMS indicated that given the nature of the claims and what had already been produced, it was unlikely that Defendants had produced all of the required documents. GJMS states that while Defendants have produced registers of payments allegedly made on GJMS's behalf, they have produced only a few of the underlying invoices and checks. GJMS also notes that Defendants have produced e-mails from only one custodian, Mitch van Kley. Through a third-party subpoena, GJMS obtained e-mails addressed to a second employee, John Fulkerson, apparently indicating that Fulkerson was involved in GJMS management, and that additional e-mails may have been sent from Fulkerson's account. *See, e.g.,* Exhibit 2 to Plaintiff's Reply [DE 41-2] (email addressed to Fulkerson asking that he forward copies of various documents relating to the sale of a property, including a draft deed and "any payoffs, prorations, credits, debits and/or third-party invoices").

Moreover, Defendants have provided only a vague description of their search for documents. At the hearing, counsel for Defendants indicated that Defendants used search terms to search their computers for relevant e-mails. The Court cannot definitively conclude that the required "careful and thorough" search has been performed based on the descriptions of counsel for Defendant. However, given the representation in open court that an appropriate search has been made, the Court cannot recommend dismissal or default. Although counsel for GJMS proposed a "forensic examination" of Defendants' computers, the Court declines to make that recommendation, because

3

it is not yet clear that the examination would yield additional documents. Moreover, in their report of Parties' Planning Meeting [DE 16], the parties agreed in part that "[d]isclosure or discovery of electronically stored information will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business," which weighs against engaging a third party to search for documents at this stage.

Therefore, the Court will recommend that Defendants be ordered to provide an affidavit to GJMS, certifying: (1) the identities of the individuals who developed and executed any searches for documents; (2) the computers and/or servers that were searched; (3) the search terms, or any other filters, used in conducting the searches; (4) all steps taken to preserve relevant hard copy data, and (5) Defendants' policies for document retention, including any steps taken to preserve evidence after the litigation began. The Court reminds Defendants of their continuing obligation to supplement their responses to written discovery if they become aware of additional information, *see* Fed. R. Civ. P. 26(e), and notes that counsel for Defendants indicated that the relevant individuals would be made available for deposition on the issues identified in the motion to compel. If additional discovery, and the affidavit discussed herein, reveal that Defendants failed to conduct an adequate search for documents or failed to preserve evidence, GJMS may file a renewed motion for sanctions. *See Haraburda v. Arcelor Mittal USA, Inc.*, No. 2:11 CV 93, 2011 WL 2600756 (N.D. Ind. June 28, 2011) (describing duty to preserve evidence); Fed. R. Civ. P. 37(e) (describing standard for preserving electronic information).

### III.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT, for relief different than requested,** Plaintiff's Motion for Sanctions for Violating a Discovery Order [DE 36], and that the District Court order Defendants to provide GJMS with an affidavit consistent with the terms of this Report and Recommendation by **April 30, 2019**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 13th day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record