UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GJMS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:18-CV-135-JTM-JEM |
| | ) | |
| HAMSTRA BUILDERS, INC., *et al.*, | ) | |
|     Defendants, | ) | |
| | ) | |
| HAMSTRA BUILDERS, INC., | ) | |
|     Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GJMS, LLC, | ) | |
|     Counter-Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Objections to Affidavits of Mitch van Kley and Wilbert Hamstra [DE 55], filed May 14, 2019. Plaintiff/Counter-Defendant GJMS seeks to have Defendants found in contempt of court for violating a discovery order. Defendants filed a response on May 20, 2019. GJMS filed an untimely reply on May 28, 2019.

**I.**    **Background**

In its Complaint, GJMS, a real estate owner, alleges that Defendants, who managed GJMS properties, sought improper payments from GJMS and made improper disbursements of GJMS funds. Defendant Hamstra Builders, Inc. is asserting a counterclaim seeking reimbursement for expenses it allegedly paid on GJMS's behalf.

On October 31, 2018, GJMS filed a motion to compel Defendants to produce numerous documents related to their management of GJMS properties. GJMS sought documentation of services allegedly provided by Hamstra Builders that underlie Defendants' counterclaim for

reimbursement, and records of allegedly improper transactions made by Defendants using GJMS funds, among other requests. Defendants did not respond to the motion to compel, and the Court granted the motion on November 16, 2018.

After Defendants failed to produce additional documents in response to that order, GJMS filed a motion for sanctions for violating a discovery order. In response to the motion for sanctions, Defendants essentially argued that they had produced all the documents they have. On March 13, 2019, the Court issued a recommendation that GJMS's motion for sanctions be granted for relief different than requested, and that Defendants should provide GJMS with an affidavit certifying:

> (1) the identities of the individuals who developed and executed any searches for documents;
>
> (2) the computers and/or servers that were searched;
>
> (3) the search terms, or any other filters, used in conducting the searches;
>
> (4) all steps taken to preserve relevant hard copy data, and
>
> (5) Defendants' policies for document retention, including any steps taken to preserve evidence after the litigation began.

R. & R. on Mot. for Sanctions [DE 46 at 4]. The recommendation was adopted on April 4, 2019, and on April 22, 2019, in response to that Order, Defendants produced affidavits signed by Defendants Mitch Van Kley and Wilbert Hamstra. GJMS now argues that the affidavits do not satisfy the Court's Order, and do not demonstrate that Defendants adequately searched for documents. GJMS requests "a hearing for contempt of court proceedings."

**II. Analysis**

When the Court granted GJMS's motion to compel, Defendants were obliged to conduct a "careful and through" search, and produce all documents described in the Court's order within their

custody or control. *See Novelty v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S. D. Ind. 2009). If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including treating failure to obey the order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A). In this case, the Court's Order on the motion for sanctions required Defendants to make certifications to GJMS on a variety of topics related to their document production and retention. GJMS argues that Defendants' affidavits do not comply with that Order, and that the document searches described in the affidavits were insufficient to comply with the Court's previous Order compelling Defendants to produce the documents.

A.  <u>Identities of Individuals Searching For Documents</u>

The Court ordered Defendants to identify "the individuals who developed and executed any searches for documents." Defendants' affidavits identified Mitch Van Kley, John Fulkerson, Greg Hamstra, and Wilbert Hamstra as those individuals. GJMS speculates that Defendants may have agents, such as accountants, who have additional documents. The Court reminds Defendants of their continuing obligation to produce documents in their "control," including documents that Defendants have "the legal right to obtain" from other people. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F.3d 832, 838-39 (7th Cir. 2014) (citations omitted); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992); *see also* Fed. R. Civ. P. 34(a).

The Court also required Defendants to identify "the computers and/or servers that were searched." The affidavits identified "the computer system of Hamstra Builders, Inc.," Mitch Van Kley's personal computer, "which is tied to the computer system of Hamstra Builders, Inc.," and John Fulkerson and Greg Hamstra's "own computers that are linked to the servers of Hamstra

3

Builders, Inc." Subject to the Court's general reminder to produce documents in others' possession that Defendants have a legal right to obtain, the parties' briefing does not identify any other individuals that should have conducted searches or computers that should have been searched. The affidavits are compliant with the Court's order on these topics.

B. <u>Search Terms and Filters</u>

The Court ordered Defendants to state "the search terms, or any other filters, used in conducting the searches." Defendants stated that the search terms used were "GJMS, LLC, French Lick, Rochester, Peachtree, LaPorte and Anderson." Although the evidence before the Court on this motion is insufficient for the Court to determine what the appropriate search terms should be, Defendants' list and explanation appear inadequate. It is not clear, for example, whether the search term "GJMS, LLC" would have yielded documents that contain only the term "GJMS."

There is also some indication that the claimed search terms were not used, or that the searches were incomplete. Although Mitch Van Kley certified that the search term "French Lick" was used, GJMS has previously cited an email chain involving John Fulkerson obtained from a third-party subpoena, with the subject line "15-33134 8512 W. State Rd. (Acq.) – French Lick (Orange), IN." Defendants did not produce that e-mail chain to GJMS, and in response to GJMS's motion for sanctions, represented to the Court that they did not have "any other documents that have not been provided to [GJMS]." It is not clear why Defendants would not have found those e-mails through Fulkerson's searches using the term "French Lick." In the email chain, Fulkerson is prompted to forward copies of various documents, including a draft deed and "any payoffs, prorations, credits, and/or third-party invoices." According to GJMS, none of those e-mails have been produced, without explanation.

4

Although Defendants' affidavits were compliant with the Court's order in that they listed the search terms, the Court agrees with GJMS that the terms were inadequate and the searches inexplicably ineffective. Defendants will have to perform new searches, with more search terms, as discussed in the conclusion of this Order. The searches must encompass e-mail accounts used by all the relevant individuals for the management of GJMS. The Court again reminds Defendants of their continuing obligation to supplement their responses to written discovery if more information is found, whether through these renewed searches or other means. *See* Fed. R. Civ. P. 26(e).

C. Document Retention

The Court also ordered Defendants to list "all steps taken to preserve relevant hard copy data," and their "policies for document retention." Mitch Van Kley's affidavit states that Hamstra Builders "follows the IRS recommended guidelines in regard to retention of all documents," has not "deleted nor lost" any relevant documents since the litigation began, and that "neither Hamstra Builders, Inc. nor [Van Kley] have destroyed any hard copies of any documents." Wilbert Hamstra's affidavit certifies that he does not use a computer, that he searched his house and found no documents, and that to the best of his knowledge, he has not had any documents since the start of the litigation.

Read in combination with their prior representations to the Court, Defendants' policies are unclear. Although Defendants do not cite to particular IRS guidelines, the IRS has recommended that, in general, a business should keep records, including receipts, checks and invoices, for three years. *See* IRS Publication 583, Starting a Business and Keeping Records (revised January 2015), at 12, 15. Following those recommendations, Hamstra Builders should still have its financial records

5

from 2017 relating to the management of GJMS, which GJMS says have yet to be produced.[1] At various points during this dispute, Defendants have provided the following explanations for their failure to produce documents: (1) Hamstra Builders is "not a large nor sophisticated entity. The retention of documents is limited." (Resp. to Mot. for Sanctions, [DE 39 at 3]); (2) Hamstra Builders retains documents in the manner recommended by the IRS; (3) Hamstra Builders has not lost or destroyed any documents; (4) "All of" Hamstra Builders' hard copy documents were "retrieved" by Jodi Hamstra in 2016 on GJMS's behalf. (Resp. to Pl.'s Objs. to Affs., [DE 56 at 4]).

Defendants' competing explanations leave the Court unable to assess whether their document retention has been adequate. Defendants must therefore supplement their affidavits as ordered below.

## III. Conclusion

For the reasons described above, the Court **TAKES UNDER ADVISEMENT** the request contained in Plaintiff's Objections to Affidavits of Mitch van Kley and Wilbert Hamstra [DE 55] and **ORDERS**:

(1) Defendants must conduct further searches for documents using additional search terms. The Court **ORDERS** the parties to confer regarding search terms. If the parties cannot agree on search terms, the parties must file a joint report by **June 20, 2019**, with lists of proposed terms, explaining their objections. Defendants must produce any additional documents retrieved from these searches by **July 17, 2019**.

(2) Defendants must provide GJMS with an affidavit by **June 20, 2019**, supplementing their

---

[1] Defendants state that some of this information "was produced," along with "quarterly statements . . . which specifically set[] forth each payment." GJMS states that only "summary spreadsheets" have been produced. The original financial records themselves (e.g., checks and invoices) are discoverable information, and should be produced. To the extent Defendants have already produced those original records, they should indicate so in a supplemental affidavit.

explanations regarding their document retention policies. Specifically, for each of the three categories identified in the Court's November 16, 2018 order compelling production of documents, Defendants should provide a detailed explanation regarding the specific documents GJMS says are outstanding – whether they were lost, previously produced, not retained, never existed, or retrieved by Ms. Hamstra. Those categories of documents are as follows:

>  (a) E-mails related to the management and operation of GJMS, including those of John Fulkerson;
>
>  (b) Invoices, checks and other financial records of payments allegedly made to third parties on GJMS's behalf;
>
>  (c) Contracts and any other correspondence between Defendants and third parties relating to the management of GJMS.

(3) Defendants' affidavit must also certify that they have produced all applicable documents in the possession of another person that Defendants have the legal right to obtain, such as those that would be held by an accountant or other agent.

SO ORDERED this 6th day of June, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record