**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GJMS, LLC, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>HAMSTRA BUILDERS, INC., *et al.*, )<br>    Defendants, )<br>_____)<br> )<br>HAMSTRA BUILDERS, INC., )<br>    Counter-Claimant, )<br> )<br>v. )<br> )<br>GJMS, LLC, )<br>    Counter-Defendant. ) | CAUSE NO. 2:18-CV-135-JTM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Renewed Motion for Sanctions [DE 63], filed August 29, 2019. Plaintiff/Counter-Defendant GJMS seeks to have Defendants found in contempt of court for violating discovery orders, seeks dismissal of Defendant Hamstra Builders, Inc.'s counterclaim, and seeks default judgment against Defendants on its own claims, as well as an award of fees and expenses.

On September 26, 2019, District Court Judge James T. Moody entered an Order [DE 66] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). On October 1, 2019, pursuant to the referral, the Court took the motion under advisement and ordered Defendants to file a supplemental affidavit addressing issues raised in the motion. Defendants filed their affidavit on October 14, 2019, and GJMS filed a response on October 22, 2019.

**I.     Background**

On October 31, 2018, GJMS filed a motion to compel Defendants to produce numerous documents related to their management of GJMS properties. Defendants did not respond to the motion to compel, and the Court granted the motion on November 16, 2018. After Defendants failed to produce additional documents, GJMS filed an initial motion for sanctions for violating a discovery order. In response to that motion, Defendants essentially argued that they had produced all the documents they have. On June 6, 2019, the Court entered an Opinion and Order finding that Defendants' document search was inadequate and compelling Defendants to conduct further searches for documents using additional search terms. In response, Defendants produced several hundred pages of additional documents. GJMS filed the instant motion renewing its request for sanctions, arguing in part that several important documents are still missing.

On October 1, 2019, the Court took the motion under advisement and ordered Defendants to file a supplemental affidavit addressing the issues raised in the renewed motion. In brief, the affidavit states that the disputed documents had been previously produced in other forms. GJMS argues that Defendants' representations in the affidavit still do not bring them into compliance with the Court's orders. The response also states that after the affidavit was filed, Defendants produced an additional 172 pages, "ostensibly the missing attachments," but that GJMS did not have enough time to review the production before its response was due.

**II.    Analysis**

When the Court granted GJMS's motion to compel, Defendants were obliged to conduct a "careful and through" search and produce all documents described in the Court's Order that were within their custody or control. *See Novelty v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.

2

D. Ind. 2009). If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissing the action or treating the failure to obey the order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A). The Court first addresses the remaining documents in dispute, before considering GJMS's renewed request for sanctions.

A.  Missing E-mail Attachments

In its renewed motion, GJMS argues that Defendants failed to produce several attachments to emails. The Court ordered Defendants to "certify that they have produced the attachments to the emails . . . or state why they have not or cannot produce those documents." In response, Defendant Mitch van Kley certified that Defendants had "previously forwarded to Plaintiff's representative" each of the attachments. The affidavit addresses the attachments as follows:

> Email labeled Bates number GJMS 2.000242: "[I]ncluded in the documents produced to Jodi Hamstra which she retrieved from the offices of [Defendant] Hamstra Builders, Inc.";
>
> Emails labeled Bates number GJMS 2.000268, 2.000335, 2.000343: "[S]ent to Jodi Hamstra as referenced in the emails and forwarded to her representatives in the discovery in this matter";
>
> Emails labeled Bates number GJMS 2.000344-345: "[M]ade available to Jodi Hamstra, but it is unknown by the undersigned whether or not the [attachments] were forwarded to her representatives in this matter";
>
> Email labeled Bates number GJMS 2.000347: "[F]orwarded to the Plaintiff's representatives in previous discovery."

Supplemental Affidavit of Mitch van Kley [DE 68-1], ¶ 3. While the affidavit is compliant with the Court's October 1, 2019 Order in that it certifies that all attachments have been produced, the manner of production described is inadequate. A party must produce documents and electronically stored information "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); *see also* 2006

3

Advisory Committee Notes to Fed. R. Civ. P. 34 (the producing party cannot "convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation"). That is particularly important in this case, because GJMS can only guess what the attachments are based on the content of the e-mails, and may not be able to identify them even if it already has them. If they have not already done so, Defendants must either (1) produce the e-mails together with the attachments, so that GJMS can identify the attachments for each e-mail, or (2) "organize and label" its production by individually identifying each of the attachments by Bates number(s).

GJMS's response indicates that on October 18, 2019, Defendants produced an additional 172 pages of documents, "ostensibly the missing attachments," but GJMS did not have time to review them. To the extent this supplemental production is incomplete, or GJMS cannot discern which attachments are linked to which e-mails, Defendants must reproduce them as described above. The Court notes that Defendant Mitch van Kley has previously certified that to his knowledge none of these documents have been lost or destroyed, and Defendants have given no other indication that they are unable to reproduce the documents or comply with this instruction. In view of the protracted nature of this dispute, the Court strongly urges the parties to resolve any further disagreement on this topic without Court intervention.

    B.    Sanctions

GJMS seeks default judgment on their claims, dismissal of Defendants' counter-claim, a finding that Defendants are in contempt of Court, and an award of fees and expenses, based on Defendants' conduct in this dispute. That conduct can be summarized as follows: Defendants first

ignored GJMS's motion to compel and then ignored the Court's original Order compelling them to produce documents. Although Defendants eventually stated that they had produced all the documents they had, the Court found that their document search was demonstrably inadequate, and their reasons for not producing more documents were dubious and contradictory. *See* June 6, 2019 Opinion and Order, p. 4-6, at [DE 58]. Defendants were ordered to conduct further searches and produced an additional 969 pages of documents. After further briefing, pending the successful production of the attachments described above, Defendants have now complied with the Court's discovery orders.

Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (citations and quotations omitted).

Because Defendants have eventually come into compliance with the Court's discovery orders, and the delay in their compliance will not prejudice GJMS in litigating the claims in this case, the Court finds that dismissal, default, or a finding of contempt would not be proportionate to the circumstances. *See Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008) (holding that dismissal "can only be employed in rare cases"); *see also Rice*, 333 F.3d at 786 (holding that "the harsh sanction of dismissal [should] be employed only as a last resort").

The primary impact of Defendants' conduct has been delay to the proceedings, and the resources expended by the parties and the Court on the dispute. For that reason, the more appropriate sanction is for Defendants to pay the fees and expenses incurred by GJMS as a result of the motion practice, including: Plaintiff's Motion for Sanctions [DE 36], the February 20, 2019 hearing on that motion [DE 45], Plaintiff's Objections to Affidavits of Mitch Van Kley and Wilbert Hamstra [DE 55], Plaintiff's Reply in Support of its Objections to Mitch Van Kley and Wilbert Hamstra [DE 57], Plaintiff's Renewed Motion for Sanctions [DE 63], Plaintiff's Reply Memorandum in Support of its Renewed Motion for Sanctions [DE 65], Plaintiff's Response to Affidavit [DE 69].

**III.     Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that District Court **GRANT in part and DENY in part** Plaintiff's Renewed Motion for Sanctions [DE 63], permitting GJMS to seek fees and expenses as described above.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file written objections to this Report and Recommendation with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 29th day of October, 2019.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record