**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| GJMS, LLC, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>HAMSTRA BUILDERS, INC., *et al.*, )<br>　　Defendants. )<br>_____)<br> )<br>HAMSTRA BUILDERS, INC., )<br>　　Counter-Claimant, )<br> )<br>v. )<br> )<br>GJMS, LLC, )<br>　　Counter-Defendant. ) | CAUSE NO. 2:18-CV-135-JTM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

　　This matter is before the Court on Plaintiff GJMS's Fee Petition for its Motion for Sanctions [DE 77], filed February 21, 2020. Plaintiff GJMS seeks a fee award of $32,542.70 for fees and expenses incurred in resolving an extensive discovery dispute. Defendants have not responded and the time to do so has passed.

　　On October 29, 2019, the undersigned recommended that GJMS be permitted to seek reimbursement from Defendants of fees and expenses for the motion practice throughout this dispute. District Court Judge James T. Moody adopted the recommendation on January 29, 2020, and on June 16, 2020, entered an Order [DE 82] referring this fee petition to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

GJMS requests $32,540.70 for 63.6 attorney hours, at rates between $310.00 and $970.00 per hour. Although Defendants did not respond to the request, the Court should limit the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Some of the fees claimed by GJMS are not reasonable. First, GJMS claims 0.9 hours, amounting to $678.00, to supplement a prior fee petition. The Court ordered the supplemental filing because the original petition sought excessive fees, and several time entries were block-billed, so the Court could not assess whether they were reasonable. It is not appropriate for Defendants to pay for GJMS's corrections, and that time should be subtracted from the award.

In addition, much of the work done on these filings was apparently duplicative or redundant. Courts are "encouraged to scrutinize fee petitions for duplicate billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P. C.*, 574 F.3d 852, 858 (7th Cir.2009); *see also Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4948834, at *5 (N.D. Ind. Oct. 18, 2011) ("When multiple attorneys are simultaneously researching, preparing, and drafting a single motion, it will inevitably lead to unnecessary duplication, which the court must take account of."); *Doe v. Howe Military Sch.*, No. 3:95-CV-206RM, 1996 WL 939352, at *4 (N.D. Ind. Oct. 16, 1996) ("Time spent on duplicative work or work consisting solely of communications among the various attorneys acting as co-counsel for the plaintiffs cannot be allowed.").

GJMS had five lawyers from two different firms coordinating and contributing to the various filings. For example, a response brief [DE 69] was drafted by one partner (1.7 hours), revised by a

2

second partner (1.5 hours), "prepared" by an associate (2.3 hours), and then revised again by a partner (0.4 hours). In total, including communication among co-counsel, GJMS seeks 8.9 hours for that filing, which was five pages long. Because the filings could have been completed more efficiently with fewer lawyers, it is not appropriate for Defendants to pay all of the requested fees. *See Romary Assocs.*, 2011 WL 4948834 at *5 ("While this may very well be the time the four attorneys spent on the motion, the attorneys should have exercised proper billing judgment in winnowing these hours down to those reasonably expended, and excluded the excessive, redundant, and unnecessary hours."). Accordingly, the Court recommends a further reduction of the award by 20 percent, from $31,864.70 to $25,491.76.

With the exceptions referenced above, the Court finds that the hourly fees and number of attorney hours reflected in the itemization are reasonable. While the award sought is large, it reflects fees incurred by GJMS for seven briefs [DE 36, 41, 55, 57, 63, 65, 69] and one in-person hearing [DE 45] to resolve this dispute. Defendants provoked the extensive motion practice by failing to properly search for documents and giving contradictory explanations for missing documents. *See* October 29, 2019 Findings, Report & Recommendation on Motion for Sanctions [DE 70]. Therefore, it is reasonable for Defendants to pay GJMS's fees.

For the foregoing reasons, and noting the lack of objection to the fee petition, the Court **RECOMMENDS** that the District Court **GRANT in part and DENY in part** the relief requested in Plaintiff GJMS's Fee Petition for its Motion for Sanctions [DE 77], and **ORDER** Defendants to reimburse GJMS, through counsel, the sum of $25,491.76.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file

written objections to this Report and Recommendation with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 19th day of June, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record