UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GJMS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:18-CV-135-JTM-JEM |
| | ) | |
| HAMSTRA BUILDERS, INC., *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Leave to Amend Counterclaim [DE 117], filed by Defendants Hamstra Builders, Inc., and Wilbert Hamstra (collectively "Hamstra Defendants") on August 12, 2021. Hamstra Defendants seek leave to amend their counterclaims to add two additional claims.

**I.   Background**

On April 5, 2018, Plaintiff filed this action arising out of a purported oral management agreement among the parties. On May 29, 2018, Defendants filed their Answer and Hamstra Builders' Counterclaim for breach of contract for unreimbursed expenses it purportedly incurred on behalf of Plaintiff. On June 21, 2018, the Court held a preliminary pretrial scheduling conference pursuant to Federal Rule of Civil Procedure 16, at which all parties participated and agreed to a number of case deadlines, including deadlines of July 13, 2018, for Plaintiff, and August 24, 2018, for Defendants to seek to join parties or amend the pleadings.

On March 9, 2021, Plaintiff filed a Motion for Partial Summary Judgment, which is now fully briefed and pending. One of the issues in the Motion for Partial Summary Judgment is the impact of a Management Agreement dated December 1, 2009 between Wilbert Hamstra and

1

Plaintiff ("Management Agreement") on the parties' obligations to each other. On August 12, 2021, Defendants filed the instant motion to amend their counterclaims. Plaintiff filed a response on August 26, 2021, and on August 31, 2021, the Hamstra Defendants filed a reply.

## II. Analysis

Hamstra Defendants seek leave to amend their Counterclaim to add two additional counts, one seeks indemnification in the form of reimbursement for Mr. Hamstra's attorneys' fees and costs in this litigation and the other count seeks a declaratory judgment that the indemnification provision of the Management Agreement is enforceable.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a party are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

The deadline for the parties to seek leave to amend pleadings expired almost three years before the instant Motion to Amend was filed, but Hamstra Defendants do not include any request for extension. When a party moves to amend its complaint after the amendment deadline set in a

Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted).

In this case, Hamstra Defendants' chief reason given for not filing their Motion for Leave to Amend earlier is that Plaintiff did not refuse to indemnify Mr. Hamstra until June 2021. Hamstra Defendants offer no other reason for their delay in propounding these claims, focusing instead on the merits of the amendment itself. Hamstra Defendants imply that Plaintiff's response to the motion for summary judgment, filed on April 14, 2021, in which the Plaintiff argued that the Management Agreement defeated Hamstra Defendants' claims in their Counterclaim, first put the Management Agreement at issue. Hamstra Defendants thereafter demanded that Plaintiff indemnify Mr. Hamstra under the terms of the Management Agreement. Hamstra Defendants argue that the refusal to indemnify only became ripe upon the denial of that demand in June, 2021.

Although Hamstra Defendants assert that the refusal to indemnify Mr. Hamstra constitutes "new information" to justify amendment, they do not explain how the denial was new information. The Management Agreement has been at issue in this matter from the onset. Plaintiff's Complaint alleged that the Management Agreement "became a nullity and terminated as a matter of law." Pl. Comp. ¶ 14. Defendants denied this allegation, thereby putting the validity of the Management Agreement at issue as early as May 29, 2018. Although Hamstra Defendants assert that they "have

3

been diligent following their receipt of GJMS' rejection on June 8, [2021]," they do not explain why their demand for indemnification was not made earlier, nor why they could not have included these claims earlier, since it was obvious that the validity of the Management Agreement, which is the source of the indemnification claim, was at issue from the time of Plaintiff's Complaint. Hamstra Defendants have failed to establish that they were diligent and have not established good cause for modifying the scheduling order as required by Rule 16(b)(4). Accordingly, the Court declines to extend the deadline for seeking leave to amend pleadings.

### III.   Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion for Leave to Amend Counterclaim [DE 117].

SO ORDERED this 21st day of October, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record