UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GJMS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:18CV135-PPS |
| ) | |
| HAMSTRA BUILDERS INC., ) | |
| MITCH VAN KLEY, and ) | |
| WILBERT HAMSTRA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On April 11, 2023, I issued an opinion and order explaining my determination that the domestic relations exception to subject matter jurisdiction would not preclude my exercise of jurisdiction over this case. [DE 153.] The possibility was one I had raised *sua sponte* several years into the litigation after it was transferred to me from another judge. Though defendants Hamstra Builders, Mitch Van Kley and Wilbert Hamstra had never made the argument on their own behalf for over four years of litigation, they now contend that the matter is so critical as to warrant either an interlocutory appeal to the Seventh Circuit, or certification to the Indiana Supreme Court. [DE 154.] My opinion did not include the necessary findings under 28 U.S.C. §1292(b), and I remain unpersuaded that an interlocutory appeal or certification to the Indiana Supreme Court is appropriate. The Hamstra defendants' motion will be denied.

### Interlocutory Appeal

To flag a matter for possible interlocutory appeal under 28 U.S.C. §1292(b), a district judge can "state in writing in such order" that he is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  As I observed in a 2019 decision, "[i]nterlocutory appeals are discouraged because they bog down the efficient movement of litigation" and though they are not forbidden, "the bar is set very high to obtain one."  *Shah v. Zimmer Biomet Holdings, Inc.*, Case No. 3:16-cv-815-PPS-MGG, 2019 WL 762510, at *2 (N.D.Ind. Feb. 20, 2019).

The Seventh Circuit has outlined the statutory requirements this way:  "there must be a question of *law*, it must *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation."  *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).  Whether to certify a non-final order for interlocutory appeal is a matter committed to my discretion, and such appeals are to be used sparingly because they circumvent the general policy of postponing appellate review until after the entry of final judgment.  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *Breuder v. Board of Trustees of Cmty. College Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018); *Asher v. Baster Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

The jurisdictional issue here does not present a question of law, but merely an uncertain application of existing state procedure and jurisdiction to one of the claims

2

presented in this case. The matter is not "a pure question of law" as *Ahrenholz* explained, meaning a question "free from a factual contest" that the Seventh Court "could decide quickly and cleanly without having to study the record." *Id.*, 219 F.3d at 676-77. Hamstra repeatedly argues that the facts relevant to the jurisdictional question are undisputed. But that is entirely at odds with what I said in the April opinion, in which I indicated that the uncertain jurisdictional question might be clarified "[i]f the evidence at trial ends up suggesting that the claim relating to the payments to Wilbert was part and parcel of the MPSA that was incorporated into the Dissolution Court's decree." [DE 153 at 11.] Determining whether the Dissolution Court would handle GJMS's claim that the defendants wrongly over-compensated Wilbert Hamstra with GJMS's money would require consideration of the record here (to understand the claim made) and of the divorce proceedings between Jodi and Greg (to understand the scope of the Dissolution Court's rulings).

The domestic relations exception is not a controlling issue for purposes of interlocutory appeal. As my opinion made clear, GJMS asserts several claims in this case that are clearly not susceptible to the exception and are ready to be tried in this court. The jurisdictional issue that Hamstra would take to the Court of Appeals is not "controlling" because no matter the outcome it would not deprive this court of jurisdiction over the entire lawsuit.

Whether the domestic relations exception applies is not a "contestable" issue for purposes of the interlocutory appeal standard. "[A]n issue is not contestable merely

because reasonable judicial minds could differ, nor is an issue contestable when the court is unguided by binding precedent." *Emley v. Wal-Mart Stores, Inc.*, No. 1:17-CV-02350, 2020 WL 108374, at *5 (S.D.Ind. Jan. 8, 2020). Instead, an order is contestable "if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Calvin v. Sheriff of Will County*, No. 03 C 3086, 2006 WL 1005141, at *4 (N.D.Ill. April 14, 2006). Hamstra does not identify conflicting decisions with potential application to the jurisdictional issue presented here, and does not demonstrate that the applicable legal principle is not settled by controlling law.

The fourth requirement – that an interlocutory appeal would materially advance the litigation – is also not met. Hamstra argues that "no one benefits by expending time and money on litigation that could be for naught" so that "it is appropriate to pause these proceedings and seek further guidance on the jurisdictional question." [DE 155 at 3.] But those concerns ring a bit false when the Hamstra defendants failed to raise the jurisdictional issue during more than four years of litigation, and with the final pretrial conference set mere weeks away on July 25 and trial set to begin on August 7. Pausing the progress toward trial at this late date would hardly speed up the ultimate resolution of the case when an interlocutory appeal would not dispose of the entire case no matter the outcome. I am firmly persuaded that the parties' time and resources are better spent preparing for the imminent trial setting, after which the jurisdictional issue can be

4

raised on appeal if defendants lose the one claim of several where the domestic relations exception might apply.

Interlocutory appeals under §1292(b) are intended only for extraordinary circumstances. The U.S. Supreme Court has observed that: "[r]outine resort to §1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S 61, 74 (1996) (internal quotation and citations omitted). Boiling the matter down, "a mere disagreement in how the law is applied to the facts of a particular case" does not support an interlocutory appeal. *In re Carrington*, Cause No. 2:22cv363, 2023 WL 2529107, at *4 (N.D.Ind. March 14, 2023). The Hamstra defendants have not made a substantial showing of any of the four requirements for an interlocutory appeal, and the motion for the necessary findings to enable one will be denied.

## Certification to the Indiana Supreme Court

Hamstra's alternative request is certification of the domestic relations issue to the Indiana Supreme Court. Under Rule 64(A) of the Indiana Rules of Appellate Procedure, "any federal district court may certify a question of Indiana law to the Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." I would not exercise my discretion to make such a certification for the same reasons that I do not support a federal appeal under §1292(b).

5

The jurisdictional issue here does not present an unclear issue of state law, but merely an uncertain application of existing state law to the circumstances presented in this case, which may be clarified by evidence not yet in the record. The issue of the Dissolution Court's jurisdiction is not "determinative of the case" because it potentially applies only to one of several claims made here. *Patel v. United Fire & Casualty Co.*, 80 F.Supp.2d 948, 954 (N.D.Ind. 2000) ("both Indiana cases and the Seventh Circuit interpret ['determinative of the case'] to mean dispositive of the case as a whole"). The time, effort and uncertainty of an Indiana certification are not warranted at this late stage of a case filed in 2018 with trial imminent, so that the disputed question – if not mooted by the verdict – could soon reach direct appeal. The alternative request for certification to the Indiana Supreme Court will be denied.

ACCORDINGLY:

Defendants' Motion to Certify for Interlocutory Appeal or, in the Alternative, to Certify to the Indiana Supreme Court [DE 154] is DENIED.

Defendants' Motion to Stay [DE 156] is DENIED.

Entered:  May 16, 2023.

    /s/ Philip P. Simon
United States District Judge